IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae ) ) ) Plaintiff, ) ) vs. ) ) Progressive Commercial Insurance, ) CFO John Sauerland, John S. Pucin ) Esq., Pucin & Friedland Law Office, ) ) Defendants. ) ) | Case No.: 4:25-cv-13113-JD-TER  ORDER |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 12), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South Carolina. The Report concerns Plaintiff Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell, McCrae's ("Plaintiff" or "McCrae") failure to comply with the court's October 29, 2025, order (DE 5) directing completion of service documents and Local Rule 26.01 interrogatories within 21 days.[1]

A.   Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In brief, Plaintiff, proceeding pro se and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

in forma pauperis, alleges that Defendant Progressive Commercial Insurance ("Progressive") wrongfully terminated his policy, reported false information, and, through its attorney Defendants John S. Pucin, Esq., Pucin & Friedland Law Office, and Defendant CFO John Sauerland, engaged in actions violating federal law, including the Paperwork Reduction Act, FISMA, and the Gramm-Leach-Bliley Act. (DE 1.)

Plaintiff was warned that noncompliance with the Court's October 29, 2025, order requiring completion of service documents and Local 26.01 interrogatories would result in his case being dismissed for failure to comply with the court's order. (DE 5.) The Order mailed to Plaintiff's address is presumed received, but Plaintiff has failed to respond or comply within the required time.

B.    Report and Recommendation

On December 4, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (DE 12.)

The Report advised Plaintiff of his right to file objections and the consequences of failing to do so. Plaintiff filed no objections, and the time for filing objections has expired.

C.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

D.   Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

E.   Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 12) and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

                                                                                 */s/ Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 18, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.